724 So.2d 504 (1998)
Thomas D. SHELBY, Appellant,
v.
PEAVEY ELECTRONICS CORPORATION, Appellee.
No. 97-CC-01102 COA.
Court of Appeals of Mississippi.
December 8, 1998.
*505 Brent M. Bickham, Pascagoula, Attorney for Appellant.
James E. Sandusky, Meridian, Attorney for Appellee.
Before BRIDGES, C.J., HINKEBEIN, and KING, JJ.
BRIDGES, C.J., for the Court:
¶ 1. Thomas Shelby filed his petition to controvert with the Mississippi Workers' Compensation Commission claiming a compensable, accidental, on the job injury while working for Ric and Peggy Honeycutt at their home. Honeycutt was employed by Kessler Products, Inc., who manufactured extrusions for Peavey Electronics Corporation. Shelby's claim initially included Honeycutt and Kessler, but both were ultimately dismissed as defendants, leaving only Peavey. The administrative law judge found that Shelby did not have an employment relationship with Peavey on November 1, 1991, the date of the injury. The Mississippi Workers' Compensation Commission adopted the findings of the administrative law judge and the Commission's order was affirmed on appeal by the Circuit Court of Lauderdale County. Feeling aggrieved, Shelby now appeals to this Court. Finding no merit to the issue raised, we affirm.

FACTS
¶ 2. On November 1, 1991, Shelby severely injured his left hand when his glove became entangled in the saw he was using to make plastic extrusions. Shelby testified that Honeycutt hired him to cut these extrusions, supervised him, and paid him by personal check. Furthermore, Shelby stated that these extrusions were cut on Honeycutt's premises in his barn.
¶ 3. Initially, these extrusions were manufactured by Kessler, and the parts were then sold to Peavey.[1] However, when Kessler failed to cut the extrusions according to Peavey's specifications, Honeycutt agreed to provide this service for Kessler. Honeycutt stated that his agreement to cut the extrusions was between him and Kessler, and that since Kessler paid him at a piece rate for cutting the extrusions, there was no contract with Peavey. Honeycutt testified that the relationship between Kessler and Peavey was a typical vendor/vendee relationship, that Peavey was the customer, and that Peavey paid Kessler for the finished product. Honeycutt stated that he "wore two hats" for Kessler: he cut the plastic extrusions that Kessler manufactured and sold to Peavey and was also a sales representative for Kessler.
¶ 4. On December 2, 1991, Shelby filed a petition to controvert alleging that when Peavey contracted with Kessler and became aware that Kessler's agent was cutting the extrusions, they had a duty to make sure that workers' compensation insurance was provided for the employees. Shelby claimed that the duty to supply workers' compensation insurance was imputed if his employer was a "subcontractor" of Peavey and/or if Peavey was a "statutory employer." Shelby relied on the simple principle enumerated in § 71-3-7 of the Mississippi Code which stated that "[i]n the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment." Miss.Code Ann. § 71-3-7 (Rev. 1995).
*506 ¶ 5. On August 22, 1996, an administrative hearing was held where the administrative judge made the following findings of fact:
Findings of Fact
1. Claimant did not have an employment relationship with Peavey Electronics Corporation on November 1, 1991. The evidence clearly shows that neither the control test nor the relative nature of the work test was met to bring claimant within the ambit of an employer/employee relationship with Peavey. Peavey did not have the right to and did not control the manner and details of claimant's or Honeycutt's work. And, as to Peavey, Honeycutt's operation was an independent business: it was not of sufficient duration or continuity to make it an integral part of Peavey's production process.
The evidence also establishes Peavey was not claimant's statutory employer. There is no evidence of a prime contractor-subcontractor relationship between Peavey and Honeycutt: Honeycutt did not contract to perform all or a part of Peavey's contract with a third party/owner/operator such that Peavey would become claimant's statutory employer under Section 71-3-7. See Falls v. MP & L Co., 477 So.2d 254 (Miss. 1985) (prime contract and subcontract needed to establish the existence of a prime-sub relationship without which the statutory employer provision is not triggered); Nash v. Damson Oil Corp., 480 So.2d 1095 (Miss.1985); and Gibson v. MP & L Co., 492 So.2d 1296 (Miss.1986) (not designated for publication).
IT IS THEREFORE ORDERED that claimant's claim against Peavey Electronics Corporation is hereby denied.
¶ 6. The Workers' Compensation Commission adopted the findings of the administrative law judge and the Lauderdale County Circuit Court affirmed the decision of the Workers' Compensation Commission denying benefits to Shelby. Shelby appeals the Commission's findings and order that he may not recover from Peavey's workers' compensation coverage. Only Shelby and Peavey are parties to this appeal.

APPLICATION AND DISCUSSION OF LAW
¶ 7. Shelby raises the following issue on appeal, which is taken directly from his brief:
I. WHETHER THERE IS A SUFFICIENT RELATIONSHIP BETWEEN RIC HONEYCUTT AND PEAVEY TO IMPUTE WORKERS' COMPENSATION LIABILITY UPON PEAVEY?
A. WAS KESSLER, INC. A "SUBCONTRACTOR" OF PEAVEY?
B. DOES THE LAW IMPUTE A DIRECT EMPLOYER/EMPLOYEE RELATIONSHIP OF PEAVEY AND THE CLAIMANT?
¶ 8. The standard of review by which an appellate court resolves a workers' compensation case is that of substantial evidence; however, where the issue is one of law and not of fact, the standard of review is de novo. In Fruchter v. Lynch Oil Co., 522 So.2d 195, 199 (Miss.1988), the Mississippi Supreme Court reiterated that whether an individual was an employee or an independent contractor was "a very elusive question," but nevertheless, it was a question of law. Because this Court finds that the issue to be resolved in the case sub judice is a question of law, it adopts the following standard of review to which the Mississippi Supreme Court referred to in Smith v. Jackson Construction Co., 607 So.2d 1119, 1125 (Miss. 1992):
If there is substantial evidence to support the Commission, absent an error of law, this Court must affirm. On the other hand, where the Commission has misapprehended the controlling legal principles, we will reverse, for our review in that event is de novo.

¶ 9. The issue on appeal is whether Shelby was a subcontractor and/or a statutory employee of Peavey. The "control test" and the "relative nature of the work test" are two tests to which the Mississippi Supreme Court resorts in those cases where the issue is whether the claimant was an independent *507 contractor or an employee. See, e.g., Brown v. E.L. Bruce Co., 253 Miss. 1, 7, 175 So.2d 151, 154 (1965) (stating that the various tests enumerated in our previous opinions are simply methods to be used as an aid in determining whether or not the contractor was an employee, an agent, or a person engaged in an entirely different business, the services of which are contracted to another as the services of an independent contractor).
¶ 10. The portion of Section 71-3-3(d) relevant to our purpose defines "employee" as follows:
"Employee" means any person, including a minor whether lawfully or unlawfully employed, in the service of an employer under any contract of hire or apprenticeship, written or oral, express or implied, provided that there shall be excluded therefrom all independent contractors....
Miss.Code Ann. § 71-3-3(d) (Rev.1995).
¶ 11. Mississippi Code, Section 71-3-3(r) defines "independent contractor" for purposes of the Workers' Compensation Act:
"Independent contractor" means any individual, firm, or corporation who contracts to do a piece of work according to his own methods without being subject to the control of his employer except as to the results of the work, and who has the right to employ and direct the outcome of the workmen independent of the employer and free from any superior authority in the employer to say how the specified work shall be done or what the laborers shall do as the work progresses; one who undertakes to produce a given result without being in any way controlled as to the methods by which he attains the result.
Miss.Code Ann. § 71-3-3(r) (Rev.1995).
¶ 12. The Mississippi Supreme Court defines a subcontractor as "one who enters into a contract, express or implied, for the performance of an act with a person who has already contracted for its performance, or who takes a portion of a contract from the principal or prime contractor." Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1182-83 (Miss.1994) (quoting Amoco Production Co. v. Murphy, 528 So.2d 1123, 1123 (Miss.1988)).
¶ 13. In Georgia-Pacific Corp. v. Crosby, 393 So.2d 1348, 1349 (Miss.1981), the Mississippi Supreme Court emphasized the control test as determinative of whether a business entity is a contractor or subcontractor. The court stated:
Relevant characteristics or tests are usually listed, with all except the control test being considered merely indicia pointing one way or the other. No general rule can be stated as to the weight of these elements, over fifteen in number. Their significance varies according to the facts of each particular case. The weight to be given each of the factors pertaining to the employer-contractor question is ordinarily to be decided by the trier of facts. It is the ultimate right of control, not the overt exercise of that right, which is decisive. Probably the four principal factors under the control test, are (1) direct evidence of right or exercise of control; (2) method of payment; (3) the furnishing of equipment; and (4) the right to fire.
Crosby, 393 So.2d at 1348-49 (citations omitted).
¶ 14. The record reflects the following substantial evidence to support the Workers' Compensation Commission's finding that Shelby was not an employee of Peavey.

(1) Evidence of Direct Control
¶ 15. There is substantial evidence that Peavey did not exercise or have the right to control the manner and details of Shelby's or Honeycutt's work. Honeycutt testified that Peavey had no control or input into the manner and means of his work performance, no control over any employees who were hired or fired, no control over compensation of the employees or how or when they worked. Peavey had no right to supervise or direct the work nor any right to control the normal operations of Kessler. Shelby introduced no evidence of control by Peavey.

(2) Method of Payment
¶ 16. There is substantial evidence that Peavey did not control the methods of payment of Shelby or Honeycutt. Shelby testified he received his total compensation in a *508 check drawn on Honeycutt's personal account. Shelby stated that he had never been paid by Peavey. In addition, Honeycutt testified that he was always paid by Kessler, never Peavey. There is substantial evidence that the only party Peavey ever paid money to was Kessler. Peavey did not control how much Kessler paid Honeycutt or how much Honeycutt paid Shelby.

(3) The Furnishing of Equipment
¶ 17. There is substantial evidence that Peavey did not furnish any equipment to Kessler or Honeycutt. Honeycutt testified that the saws used to cut the extrusions were his own personal saws. The testimony was uncontradicted; Peavey neither owned any of the equipment that Shelby or Honeycutt used, nor did Peavey have any interest in Honeycutt's home or shop, and none of the work was done on Peavey's premises.

(4) The Right to Fire
¶ 18. There is substantial evidence that Peavey did not have the right to hire or fire any of Kessler's or Honeycutt's employees. All hiring and firing was done by Kessler or Honeycutt.
¶ 19. It is this Court's opinion that substantial evidence supports the Commission's findings and order under all four prongs of the control test. Since the administrative law judge properly determined that the relationship between Kessler and Peavey was that of buyer-seller or vendor-vendee, it is excluded from the application of the Workers' Compensation Act.[2] We therefore affirm the order of the trial court.
¶ 20. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT AFFIRMING THE FULL COMMISSION ORDER OF THE WORKERS' COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.
NOTES
[1] Peavey manufactured sound recording and amplification equipment and musical instruments. One particular line of Peavey products, the "Unity" series, contained small external parts called "plastic extrusions." Since Peavey used extrusions of different lengths, and did not manufacture the extrusions itself, it purchased them from Kessler.
[2] Section 71-3-5 of the Mississippi Code of 1972 excludes such relationships. The relevant part reads:

This chapter shall not be applicable to a mere direct buyer-seller or vendor-vendee relationship where there is no employer-employee relationship as defined by
Section 71-3-3,.... Miss.Code Ann. § 71-3-5 (Rev.1995).