BRIDGES, J.,
for the Court.
¶ 1. On December 27, 2000, Charles and Marie Mathis sued the Jackson County Board of Supervisors after Charles suffered an injury at the Whispering Pines Golf Course, a county golf course. At the time of his injury, Charles was a volunteer marshal for the golf course. On October 21, 2004, the Jackson County Circuit Court held that Charles qualified as an employee of the golf course. Having determined such, the circuit court decided that Charles’s exclusive remedy was under the provisions of Mississippi’s Workers’ Compensation Act. Accordingly, the circuit court held that the Mathises’s were barred from suing the County in the circuit court. Aggrieved, the Mathises appeal.
FACTS
¶ 2. In October of 1999, Charles Mathis asked Chad Harrison, the superintendent of the Whispering Pines Golf Course, for Harrison’s permission to marshal for the course. Harrison agreed to let Charles serve as a marshal.
¶ 3. On Sunday, March 26, 2000, Charles marshaled at the course. Due to rain, course authorities suspended play. Charles did not leave for the day though, as it was possible that the rain would stop and play would resume. Charles waited out the. rain in the clubhouse, where he *568 played cards with customers. Sometime between one and two o’ clock p.m., Jamie Holt, the manager of the course, asked Charles to help her move the golf carts from the clubhouse to the storage shed, where they would shelter the carts from the weather and charge the cart’s batteries. Charles borrowed a raincoat and hat and helped Holt move carts.
¶ 4. Charles and Holt utilized a particular method to move the carts. Charles and Holt each drove a cart from the clubhouse to the storage shed. Once they arrived at the storage shed, Charles would store his cart, then ride back to the clubhouse on Holt’s cart. There, he got another cart and continued the procedure. They moved carts in this way until approximately 3:00 p.m., when Walterine Bonnie-well, a course employee, arrived to help Charles and Holt.
¶ 5. When Bonniewell arrived at the clubhouse, Charles and Holt were at the storage shed. Bonniewell boarded a cart and drove to the storage shed, where she met Charles and Holt. Because a common golf cart can only seat two people, Charles let Bonniewell sit on the available seat next to Holt. Charles stood on the back of Holt’s cart, gripped the braces that supported the cart’s roof, and planned to ride back to the clubhouse in that manner.
¶6. Charles’s head was above'the cart’s roof. According to Bonniewell, Holt drove the cart six to seven feet and turned left to exit the storage shed. As they passed under an overhead beam, Charles struck his head and fell off the back of the cart. Charles’s cause of action is based on this injury.
¶ 7. After Charles’s injury, Jackson County officials notified the Mississippi Workers’ Compensation Commission of Charles’s injury. The County’s worker’s compensation carrier, TIG Insurance Company, paid all of Charles’s medical expenses.
¶ 8. On December 27, 2000, Charles and Marie Mathis sued the County. On October 21, 2004, the Jackson County Circuit Court held that the Mathises were barred from suing the County because Charles’s exclusive remedy was under the Workers’ Compensation Act. Aggrieved, the Mathis-es appeal.
STANDARD OF REVIEW
¶ 9. This case was tried without a jury, so the trial judge sat as the trier of fact. When a circuit court judge sits as a trier of fact, he receives the same deference as a chancellor does, regarding findings of fact. His findings are safe on appeal when they are supported by substantial, credible and reliable evidence. Miss. Dept. of Public Safety v. Durn, 861 So.2d 990, 994(¶ 7) (Miss.2002). The question of whether a person is an employee may be one of fact, of mixed law and fact, or of law only. Walls v. North Miss. Med. Cntr., 568 So.2d 712, 714 (Miss.1990). However, where the facts are undisputed the question is one of law. Id. This Court reviews questions of law according to the de novo standard. Duncan v. Duncan, 774 So.2d 418, 419(¶ 4) (Miss.2000).
ANALYSIS
¶ 10. This is an “upside-down compensation case.” See Stubbs v. Green Bros. Gravel Co., 206 So.2d 323, 325 (Miss.1968). In an “upside-down compensation case” an employee tries to avoid compensation coverage to escape the exclusive provisions of the workers’ compensation act. Id. (citing I Larson, Workmen’s Compensation Law § 26.10, at 452.11 (1965)). First, the Mathises claim that Charles was not an “employee” as contemplated by the workers’ compensation act.
*569 I. Whether the trial court erred by finding that the Plaintiff, Charles Mathis, was an employee of [Jackson County] such that his exclusive remedy was under provisions of the workers’ compensation statutes.
¶ 11. The Mathises appeal the circuit court’s determination that Charles was an employee of Jackson County. Based on that finding, the circuit court concluded that the Mathises’ exclusive remedy was under the workers’ compensation act and that the Mathises could not recover from the County. According to the Mathises, the chancellor erred when he found that Charles was an employee for purposes of workers’ compensation.
¶ 12. For the purposes of workers’ compensation coverage, an “employee” is “any person ... in the service of an employer under any contract of hire ..., written or oral, express or implied.... ” Miss.Code Ann. § 71-3-3(d) (Rev.2000). The elements of a contract for hire are mutual consent, consideration, and right of control, though they are not rigidly applied in workers’ compensation cases. Walls, 568 So.2d at 715. The record does not contain an express contract of hire, so Charles can be an “employee” of the County only if they formed an implied contract of hire.
A. MUTUAL CONSENT
¶ 13. According to Black’s Law Dictionary, the term “assent” is interchangeable with “consent.” Black’s Law Dictionary, 6th ed.1991. The term “mutual assent” means a “meeting of the minds of both ... parties to a contract; the fact that each agrees to all the terms and conditions, in the same sense and with the same meaning as the others.” Id.
¶ 14. Here, the parties dispute application of the facts but there is no dispute in the operative facts. Where the facts are undisputed the question is one of law. Walls, 568 So.2d at 714. The record shows that Charles went to Harrison and requested to work as a marshal and Harrison agreed. Charles consented to work as a marshal when he asked Harrison’s permission to do so. Harrison consented when he granted Charles’s request. Applying these facts, we conclude that mutual consent existed.
B. CONSIDERATION
¶ 15. Consideration-is “(a) an act other than a promise, or (b) a forbearance, or (c) the creation, modification or destruction of a legal relation, or (d) a return promise, bargained for and given in exchange for the - promise.” Marshall Durbin Food Corp. v. Baker, 909 So.2d 1267, 1273(¶ 14) (Miss.Ct.App.2005) (internal quotations omitted). The fact that a worker does not receive a direct monetary wage from the employing body is of “little or no consequence.” Walls, 568 So.2d at 717. The payment aspect regarding a contract for hire does not have to be in money, “but may be anything of value.” Id.
¶ 16. The fact that Charles may have been labeled as a volunteer does not affect his workers’ compensation coverage. There is a difference between a person who is labeled as a volunteer and a “mere volunteer” — a person who provides services without the knowledge or consent of a putative employer. A volunteer may be an employee if there is an express or implied contract for hire. Dunn, Mississippi Workers Compensation, § 122 (3d Ed.1990). However, a “mere volunteer” is not an employee. Id.
¶ 17. The Mississippi Supreme Court has held that the Workers’ Compensation Act applies to volunteers. In Sulli *570 van v. Okolona, 370 So.2d 921 (Miss.1979), our supreme court addressed the calculation of workers’ compensation benefits for a volunteer fireman. Sullivan also confirms that workers’ compensation coverage is not affected by the fact that an employee’s wages are minimal.
Charles claims that “[t]he facts do not indicate that there was a bargained for exchange that accompanies a finding that consideration existed.” Here, Charles testified that, in exchange for marshaling, one could play golf from sun up to sun down the following week with a free cart. Charles knew other marshals received free use of a cart in exchange for marshaling. Charles also testified that he decided to marshal because he liked the course, the course needed a marshal, and that it would be more affordable for him to play golf with a free cart.
¶ 18. In exchange for Charles’s promise to marshal, the County, through the golf course, promised to provide Charles with the free use of a golf cart for a week. The charge for cart rental was nine dollars per eighteen holes and five dollars for each additional nine holes. Charles testified that he played approximately three times a week. If Charles only played eighteen holes a day, three times a week, that is a value of twenty-seven dollars per week. Charles also testified that he sometimes played up to forty-five holes a day. The cart fee for forty-five holes would be twenty-four dollars. If Charles played forty-five holes a day, three times a week, that is a value of seventy-two dollars per week. So, in exchange for marshaling, the record indicates that Charles received the free use of a cart for a week which could value anywhere between twenty-four dollars and seventy-two dollars per week. As such, the circuit court did not err when it déter-mined that consideration existed.
C. RIGHT OF CONTROL
¶ 19. The right of control, rather than the fact that an employer exercises that control, determines the status of parties as employer and employee for compensation purposes. Wade v. Traxler, 232 Miss. 592, 100 So.2d 103 (1958). One may establish the right of control by demonstrating that a potential employer provided equipment and had the right to fire a potential employee. Boyd v. Crosby Lumber & Mfg. Co., 250 Miss. 433, 440, 166 So.2d 106 (1964). Where one issues directions and instructions, that is evidence of one’s right of control. Walls, 568 So.2d at 718.
¶ 20. The County claims that the record demonstrates that the County issued instructions and had the right to fire Charles. Harrison authorized Charles’s schedule change from Fridays to Sundays. Harrison testified that marshals who did not report for work would lose their cart privileges. Charles followed posted guidelines and instructions for marshals. One guideline instructed marshals to report a problem golfer to Harrison. Charles enforced course rules. The County also claims that Charles used equipment that the course provided. When Charles marshaled, he used a golf cart that the course provided. We cannot find that the circuit court erred when it found that the County had the right to control Charles through Harrison.
¶ 21. To conclude, the record demonstrates the existence of mutual assent, consideration, and the County’s right to control Charles. As such, Charles qualified as an employee for the purposes of workers’ compensation. We affirm the circuit court’s decision.
II. Whether the trial court erred by failing to find that the activity in which Charles Mathis was engaged at the time of his injury *571 was not within the scope of his employment.
¶ 22. The Mathises contends that even if he qualifies as an employee, he should not be precluded from recovery in the circuit court because he was not acting within the scope of his employment when he hit his head in the storage shed. If we agree with the Mathises, Charles would not have an exclusive remedy under the Workers’ Compensation Act and Charles would be able to recover in the circuit court.
¶ 23. For purposes of the workers’ compensation act, an employee can recover for an accident “arising out of and in the course of employment.” Miss. Code Ann. § 71-3-3(b) (Rev.2000). “The statutory language ‘arising out of and ‘in the course of creates a requisite for compensability.” Big “2” Engine Rebuilders v. Freeman, 379 So.2d 888, 890 (Miss.1980). The term “arising out of employment” simply means there is a causal connection between the employment and the injury. Singley v. Smith, 844 So.2d 448(¶ 20) (Miss.2003). One is injured “in the course of employment” when an injury results from activity “actuated partly by a duty to serve the employer or reasonably incident to the employment.” Singley v. Smith, 844 So.2d 448(¶ 20) (Miss.2003).
¶ 24. The Mathises advances multiple arguments to suggest he was not acting within the course of his employment when he injured his head. First, the Mathises claim that Charles injured his head at 3:00 p.m., but his duties ended at noon. However, the County points out that the course marshaling schedule only indicates that Charles was scheduled to marshal on Sundays. The schedule is not specific as to when Charles’s marshaling duty ended. Additionally, Charles’s own testimony contradicts his argument. Charles testified that he played cards in the clubhouse because he would have to finish marshaling if the rain ceased. The record also reveals that it was between 1:00 p.m. and 2:00 p.m. when Holt asked Charles to help put the carts away.
¶25. Next, the Mathises suggest that Charles was not acting in the course of his employment because his duties involved enforcing course rules, not moving golf carts out of the rain. However, the guidelines for marshals says. “The primary reason you are out there is to protect the course, golf carts and to ensure the rules are enforced.” (emphasis added). The course authorities decided to close the course and asked Charles to help put away the carts. Charles moved the carts out of the rain to protect them. Putting away the carts after the course closed is reasonably incidental to the County’s business of operating a golf course and Charles’s duty to protect the golf carts. Id. Accordingly, we cannot find that the circuit court erred when it determined that Charles was injured in the course of his employment with the County.
¶ 26. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.