CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Thurman Mooneyham suffered an injury while on the premises of Hugh Dan-cy Company, Inc. (Dancy). Mooneyham filed a claim to receive workers’ compensation, alleging that he had sustained a work-related injury. After a hearing, the Administrative Judge (AJ) found that Mooneyham worked as an employee of Dancy and had sustained a work-related injury. Dancy and Valley Forge Insurance Company, the insurance carrier, appealed to the Mississippi Workers’ Compensation Commission, which affirmed the order of the AJ. Dancy and Valley Forge then appealed to the Circuit Court of De-Soto County. The circuit court affirmed the decision of the Commission.
 

 ¶ 2. Dancy and Valley Forge now appeal, asserting the following issues: (1) the Commission erred in determining that Mooneyham was an employee of Dancy at the time of his injury, and (2) the Commission erred in failing to determine that Mooneyham worked as an independent contractor. Finding no error, we affirm the judgment of the circuit court, which affirmed the decision of the Commission.
 

 FACTS
 

 ¶3. On May 18, 2006, Mooneyham received injuries from a fall that took place while on the premises of Dancy. Mooney-ham filed a petition to controvert, alleging that he had sustained a work-related injury. A hearing occurred on May 15, 2008, in Senatobia, Mississippi, before an AJ for the Commission. At the hearing, Mooney-ham testified that he had worked for Dan-cy for more than fifty years before leaving the company in late 2004.
 
 [1]
 
 Shortly after his departure, Mooneyham visited the Dancy worksite to visit with old acquaintances. Despite conflicting testimony
 
 [2]
 
 as to whether Mooneyham eventually requested to return to Dancy for work purposes, or whether a Dancy employee actually requested that Mooneyham return to Dancy, the AJ found that in late 2005 or early 2006, Pam Guess, Dancy’s office manager, asked Mooneyham to return to Dancy to help clean out the closed Dancy construction shop. Mooneyham testified that he then began to spend four days a week at the Dancy shop subsequent to the request to return. Guess testified that upon Mooneyham’s return to Dancy, he was not put on payroll; he possessed no set work schedule; and he reported to no one.
 

 ¶4. However, during his return to the company, Mooneyham received four checks from Dancy. These checks included: (1) check no. 21628, dated December 15, 2005, for $82.00, for “reimbursement”;
 
 [3]
 
 
 *79
 
 (2) check no. 21629, dated December 15, 2005, for $600.00, for “services rendered”;
 
 [4]
 
 (3) check no. 21884, dated March 16, 2006, for $12.87, for “parts reimbursement”; and (4) check no. 21835, dated March 16, 2006, for $500.00, for “shop help.”
 
 [5]
 
 Guess testified at the hearing that check no. 21629 and check no. 21835 were not paychecks, and Dancy withheld no taxes or any other amounts from those payments. However, upon the AJ’s review of the evidence, the AJ found check no. 21629 constituted a payment of services rendered as noted on the check’s notation.
 

 ¶ 5. After the hearing, the AJ issued an order finding that Mooneyham was an employee of Dancy on May 18, 2006, and, thus, sustained a compensable work-related injury. Dancy and Valley Forge appealed the ruling to the Commission, which subsequently affirmed the AJ’s order. Dancy and Valley Forge then appealed the decision of the Commission to the circuit court, which affirmed the Commission’s decision. Aggrieved, Dancy filed this appeal.
 

 STANDARD OF REVIEW
 

 ¶ 6. This Court utilizes a well-established standard of review when considering an appeal of a Workers’ Compensation Commission decision.
 
 Concert Sys. USA, Inc. v. Weaver,
 
 33 So.3d 1186, 1188 (¶ 10) (Miss.Ct.App.2010). “The standard of review by which an appellate court resolves a workers’ compensation case is that of substantial evidence; however, where the issue is one of law and not of fact, the standard of review is de novo.”
 
 Shelby v. Peavey Elecs. Corp.,
 
 724 So.2d 504, 506 (¶ 8) (Miss.Ct.App.1998). Absent an error of law, we must affirm the Commission’s decision if there is substantial evidence to support the Commission’s decision.
 
 Id.
 
 (citing
 
 Smith v. Jackson Constr. Co.,
 
 607 So.2d 1119, 1125 (Miss.1992)). In a workers’ compensation case, the Commission is the trier and finder of facts.
 
 Radford v. CCA-Delta Corr. Facility,
 
 5 So.3d 1158, 1163 (¶ 20) (Miss.Ct.App.2009). If supported by substantial evidence, the appellate court is bound by the determination of the Commission “even though the evidence would convince [us] otherwise, were we the fact[-]finder.”
 
 Barnes v. Jones Lumber Co.,
 
 637 So.2d 867, 869 (Miss.1994) (citation omitted). On the other hand, reversal is proper where the Commission has misapprehended the controlling legal principles, as the standard of review in that event is de novo.
 
 Shelby,
 
 724 So.2d at 506 (¶8).
 

 DISCUSSION
 

 I. EMPLOYEE STATUS
 

 ¶ 7. Dancy and Valley Forge argue that Mooneyham failed to possess employee status at the time of injury; thus, he fails to fall within the scope of coverage for workers’ compensation benefits. Dancy and Valley Forge argue, in the alternative, that even if this Court finds an employment relationship to exist, Mooneyham worked for Dancy as an independent contractor, and his avenue for recovery lies in an independent tort action.
 

 ¶8. The resolution of this issue begins with a consideration of the language of the workers’ compensation statute, Mississippi Code Annotated section 71-3-3 (Rev.2000). This statute defines the term “employee” as “any person ... in the service of an
 
 *80
 
 employer under any contract of hire ... [,] written or oral, express or implied, provided that there shall be excluded therefrom all independent contractors.... ” Miss. Code Ann. § 71-3-3(d) (Rev.2000). This Court has acknowledged that a contract of hire is required to meet the definition of “employee” as defined by Mississippi Code Annotated section 71 — 3—3(d) (Rev.2000).
 
 See Walls v. N. Miss. Med. Cntr.,
 
 568 So.2d 712, 715 (Miss.1990). The case of
 
 Mathis v. Jackson County Board of Supervisors,
 
 916 So.2d 564, 569 (¶ 12) (Miss.Ct.App.2005)
 
 [6]
 
 interpreted the elements required to establish a contract of hire as set forth in Mississippi Code Annotated section 71-3-3(d). In
 
 Mathis,
 
 the Court explained that, though not rigidly applied in workers’ compensation cases, the elements required of a contract of hire include mutual consent, consideration, and the right of control.
 
 Id.
 

 A.MUTUAL CONSENT
 

 ¶ 9. When determining if a contract of hire exists, one must first consider the element of mutual consent.
 
 Id.
 
 at (¶ 13). The
 
 Mathis
 
 Court explained that the term “mutual assent,” which is interchangeable with the term “consent,” is defined as a “meeting of the minds of both ... parties to a contract; the fact that each agrees to all the terms and conditions, in the same sense and with the same meaning as the others.”
 
 Id.
 
 (citing Black’s Law Dictionary, 6th ed.1991).
 

 B. CONSIDERATION
 

 ¶ 10. Moving to the second element of a contract of hire, the
 
 Mathis
 
 Court defined the term “consideration” as “(a) an act other than a promise, or (b) a forbearance, or (c) the creation, modification or destruction of a legal relation, or (d) a return promise, bargained for and given in exchange for the promise.”
 
 Mathis,
 
 916 So.2d at 569 (¶ 15) (citing
 
 Marshall Durbin Food Corp. v. Baker,
 
 909 So.2d 1267, 1273 (¶ 14) (Miss.Ct.App.2005)). The fact that an employer does not provide a direct monetary wage to the worker is of “little or no consequence.”
 
 Id.
 
 (quoting
 
 Walls,
 
 568 So.2d at 717). In addition, the payment to the worker is not required to be money; rather, it may be anything of value.
 
 Walls,
 
 568 So.2d at 717. If an expressed or implied contract of hire exists, a volunteer may even be considered to be an employee.
 
 [7]
 

 Mathis,
 
 916 So.2d at 569 (¶ 16) (citing Dunn, Mississippi Workers Compensation, § 122 (3d Ed.1990));
 
 see also Sullivan v. Okolona,
 
 370 So.2d 921, 924 (Miss.1979) (finding that the Workers’ Compensation Act applies to volunteers).
 

 C. RIGHT OF CONTROL
 

 ¶ 11. The right of control constitutes the last element of the contract of hire.
 
 Mathis,
 
 916 So.2d at 570 (¶ 19). “The right of control, rather than the fact that an employer exercises that control, determines the status of parties as employer and employee for compensation pur
 
 *81
 
 poses.”
 
 Id.
 
 (citing
 
 Wade v. Traxler,
 
 232 Miss. 592, 604-05, 100 So.2d 103, 109 (1958)). The right of control may be established by showing that a potential employer provided the equipment to the worker and had the right to fire the worker.
 
 Id.
 
 (citing
 
 Boyd v. Crosby Lumber & Mfg. Co.,
 
 250 Miss. 433, 440, 166 So.2d 106 (1964)). “Where one issues directions and instructions, that is evidence of one’s right of control.”
 
 Id.
 
 (citing
 
 Walls,
 
 568 So.2d at 718). In this case, the AJ, as well as the Commission in affirming the order of the AJ, found all the elements for a contract of hire satisfied herein and that an implied employment contract existed.
 

 ¶ 12. The record contains the opinion of the AJ identifying the following substantial evidence to support the Commission’s finding that Mooneyham possessed employee status with Dancy.
 
 [8]
 
 The AJ found as follows:
 

 [T]he key question here is whether Mr. Mooneyham and Dancy had an implied contract of hire when Mr. Mooneyham fell [on] May 18, 2006. (Obviously, they did not have an express contract.)[.] To answer that question it is first necessary to determine whether mutual consent existed.
 

 On that point, the office manager, Ms. Guess, requested Mr. Mooneyham to work in the Dancy construction shop. She added that she had made that request at Mr. Simpson’s direction. Although Mr. Simpson, who managed Dancy, could not recall whether he had instructed Ms. Guess to call Mr. Moo-neyham, it seems highly unlikely to the Administrative Judge that Ms. Guess would have made that contact without Mr. Simpson’s approval. At any rate, Mr. Mooneyham accepted that offer and reported to the Dancy facility. According to the Court of Appeals in
 
 Mathis,
 
 that offer and that acceptance are sufficient to show mutual consent, and the Administrative Judge agrees that those facts meet the first requirement of a contract of hire.
 

 Continuing to the second element of a contract of hire, consideration, there is no dispute that during the period from December 15, 2005, through March 16, 2006, Dancy gave Mr. Mooneyham four checks:
 

 1. Check no. 21628, dated December 15, 2005, for $32.00, for “reimbursement.”
 

 2. Check no. 21629, dated December 15, 2005, for $600.00, for “services rendered.”
 

 3. Check no. 21834, dated March 16, 2006, for $12.87, for “parts reimbursement.”
 

 4. Check no. 21835, dated March 16, 2006, for $500.00, for “shop help.”
 

 As for the first check, the office manager, Ms. Guess, testified that Dancy used that check to reimburse Mr. Mooney-ham for his mileage and for a part and a vehicle inspection sticker that he had purchased for Dancy. In addition, Mr. Mooneyham testified that Dancy paid for some of his gasoline. The Administrative Judge interprets that statement by Mr. Mooneyham to mean that Dancy paid mileage to Mr. Mooneyham.
 

 Based on that uncontradicted testimony from Ms. Guess and Mr. Mooneyham, it is clear to the Administrative Judge that check no. 21628 was to reimburse Mr.
 
 *82
 
 Mooneyham for expenses that he had incurred on behalf of Dancy. Those expenses and the reimbursement check indicate that Mr. Mooneyham had began [sic] working for Dancy before December 15, 2005, when the check was dated. That same day Dancy also issued check no. 21629 for $600.00 to Mr. Mooneyham for “services rendered.” Ms. Guess and the Dancy vice president, Mr. Sanders [sic], testified that this check represented merely an expression of gratitude at Christmas to a well-beloved former employee. Of course, there is no evidence in the record to indicate that any other former employee received a Christmas bonus.
 

 In other words, Dancy asks the Administrative Judge to believe that on the same day the corporation gave Mr. Moo-neyham a check to reimburse him for expenses incurred for Dancy (check no. 21628 for $32.00), Dancy wrote the next check in its ledger (check no. 21629 for $600.00) to Mr. Mooneyham for a Christmas present that had nothing to do with any work that Mr. Mooneyham had recently performed for Dancy. That assertion is simply incredible and not worthy of belief. The more likely explanation is that Mr. Mooneyham resumed working for Dancy in late 2005 and that Dancy gave both of those checks to Mr. Mooneyham in recognition of that work.
 

 Of course, assuming
 
 arguendo
 
 that neither of those checks has anything to do with any work by Mr. Mooneyham for Dancy, the stubborn facts remain that three months later on March 16, 2006, Dancy gave two more checks to Mr. Mooneyham [ — ] check no. 21834 for “parts reimbursement” and check no. 21835 for “shop help.” Indeed, Ms. Guess and Mr. Simpson testified at the hearing that check no. 21835 was paid to Mr. Mooneyham because he had helped a Dancy employee, Mr. Sanders, in the closed construction shop. In addition, in their depositions Ms. Guess and Mr. Simpson testified that the cheek was given to Mr. Mooneyham for helping Mr. Sanders dispose of scrap metal. Also, Mr. Mooneyham testified that he received all of the checks because of his work for Dancy. Finally, there is no doubt that when check no. 21834 and check no. 21835 were issued to Mr. Moo-neyham on March 16, 2006, he had worked [ — ] and was working [ — ] four days a week in the Dancy shop.
 

 Taking all of the credible evidence together, the Administrative Judge must conclude that those four checks and Mr. Mooneyham’s service to Dancy constitute the requisite consideration for an implied contract of hire between Dancy and Mr. Mooneyham. That conclusion would be the same even if all of the checks, except check no. 21835, dated March 16, 2006, for “shop help,” were for some reason excluded.
 
 [9]
 

 The third and last element of a contract for hire is the right of control. On this point hangs Dancy’s argument that Mr.
 
 *83
 
 Mooneyham was an independent contractor, instead of an employee.
 

 In support of that argument, Dancy relies on the testimonies] of Ms. Guess and Mr. Simpson to the effect that Mr. Mooneyham had no fixed work schedule, that no one kept records of his work attendance, and that Mr. Mooneyham did not report to anyone.
 

 Of course, Ms. Guess and Mr. Simpson knew that Mr. Mooneyham worked in the shop. They also knew that he did what he had been told to do: clean up the shop, inventory the equipment there, determine what equipment should be disposed of, and locate persons who were willing to buy the unneeded equipment. Finally, Dancy undoubtedly had the power to fire Mr. Mooneyham.
 

 Considering those facts, along with the holdings in
 
 Mathis,
 
 that the “elements of ... mutual consent, consideration, and right of control ... are not rigidly applied in workers’ compensation cases,”
 
 id.
 
 at 569, and that “[t]he right of control, rather than the fact that an e[m]ployer exercises that control, determines the status of parties as employer and employee for compensation purposes,”
 
 id.
 
 at 570, the Administrative Judge finds that Dancy had the right of control concerning Mr. Mooneyham, even if Dancy chose to exercise that right to a very limited extent.
 

 For all of those reasons, the Administrative Judge finds that when Mr. Mooney-ham fell on May 18, 2006, an implied contract of hire existed between Dancy and Mr. Mooneyham, as required by Section 71 — 3—3(d). The Administrative Judge, therefore, further finds that Mr. Mooneyham was a Dancy employee on May 18, 2006, and that, in accordance with the facts and the stipulation of the parties, he sustained a work-related injury when he fell in the Dancy shop on that day.
 

 The Administrative Judge wishes to add that the outcome of this case does not represent a fulfillment of the adage that no good deed goes unpunished. Although it is true that originally Dancy allowed Mr. Mooneyham simply to visit his friends at the worksite, it is also true that when he was injured on May 18, 2006, he was no longer a mere visitor[,] and he was not a mere volunteer. Instead, on that day Mr. Mooneyham was an employee providing service to Dancy. Dancy may have chosen, for its own purposes and for its own benefit, to regard Mr. Mooneyham as something other than an employee, but under the law of this state he was an employee for workers’ compensation purposes[,] and he received a work-related injury.
 

 ¶ 13. This Court recognizes the limited standard of review that appellate courts utilize when reviewing findings of the Commission. We acknowledge that this Court is not the trier of fact, and, absent any error of law, we only reverse where the decision of the Commission lacks the requisite evidentiary support of substantial evidence. In the case at bar, the record demonstrates that substantial evidence exists to meet the elements of a contract of hire as set out in
 
 Mathis.
 
 Therefore, we find no abuse of discretion in the Commission’s decision, which affirmed the order of the AJ, that a contract of hire existed and that Mooneyham meets the statutory definition of “employee” for workers’ compensation purposes. Therefore, we affirm the judgment of the circuit court that affirmed the Commission’s finding that Mooneyham was an employee of Dancy at the time of injury; thus, his employment status fell within the scope of coverage of the workers’ compensation benefits.
 

 
 *84
 
 II. INDEPENDENT CONTRACTOR
 

 ¶ 14. As Issue I is case-dispositive, the remaining issue is rendered moot.
 

 ¶ 15. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . Due to health reasons, Mooneyham failed to attend the hearing and testified through his deposition.
 

 [2]
 

 . Pam Guess, Dancy's office manager, and Mooneyham testified through their depositions that Guess contacted Mooneyham requesting that he return to Dancy to help in the closed shop. Vernon Simpson, Dancy’s vice president, testified through his deposition that he failed to recall directing Guess to call Mooneyham and request his return to Dancy, but he could not dispute that Guess had called and extended the invitation to Mooneyham to return.
 

 [3]
 

 .Guess testified that this check was possibly payment for an inspection sticker, parts, or gas.
 

 [4]
 

 . At the hearing, Guess and Simpson testified that Dancy had given this check to Mooney-ham as a Christmas bonus.
 

 [5]
 

 . Simpson testified that Dancy had paid this amount to Mooneyham for his help with inventorying the equipment and parts in the closed shop.
 

 [6]
 

 . In
 
 Mathis,
 
 Charles Mathis requested permission from the superintendent of the Whispering Pines Golf Course to marshal the course in exchange for free personal use of a golf cart.
 
 Mathis,
 
 916 So.2d at 567 (¶ 2). While moving golf carts from the clubhouse to the shed, Mathis suffered an injury.
 
 Id.
 
 at 568. This Court affirmed the Jackson County Circuit Court’s finding that Mathis was an employee of Whispering Pines for the purposes of workers’ compensation.
 
 Id.
 
 at 567 (¶1).
 

 [7]
 

 . The
 
 Mathis
 
 Court explained that while a volunteer can be considered an employee, a "mere volunteer,” one who provides services without the knowledge or consent of a putative employer, is not an employee.
 
 Mathis,
 
 916 So.2d at 569 (¶ 16).
 

 [8]
 

 . While this Court is limited to a determination of whether the findings of the Commission are supported by substantial evidence, the Commission in this case did not provide its own findings of fact; rather, it affirmed those of the AJ. As such, we will examine the findings of fact of the AJ.
 
 See McDowell v. Smith,
 
 856 So.2d 581, 585 (¶ 10) (Miss.Ct.App.2003).
 

 [9]
 

 . Mr. Mooneyham contends, and several witnesses testified, that returning to work for Dancy improved his emotional health. Mr. Mooneyham further argues that this alleged improvement qualifies as consideration. Because the Administrative Judge finds that consideration exists based on other facts, there is no need to reach that issue. The Administrative Judge notes, however, that the Court of Appeals in
 
 Mathis
 
 at 569 and the Mississippi Supreme Court in
 
 Walls v. North Miss. Med. Cntr.,
 
 568 So.2d 712, 717 (Miss.1990), held that the consideration for a contract for hire in the workers’ compensation context "may be anything of value.” Indeed, in
 
 Walls
 
 at 718, the Supreme Court determined that the training as a student nurse that Walls received from the North Mississippi Medical Center qualified as consideration.