ROBERTS, J.,
for the Court:
¶ 1. George Huey appeals the judgment of the Mississippi Workers’ Compensation Commission (the Commission) finding that *1147 he is not entitled to workers’ compensation benefits because he had deviated from the course and scope of his employment when he was injured. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶2. On January 19, 2009, Huey was driving from Jackson, Mississippi, to Manchester, Tennessee, for his employer, RGIS Inventory Specialists. At approximately 6 a.m., Huey was driving through Livingston, Alabama, on Interstate 59/20. As Huey changed lanes, he nearly collided with Edwin Crawley’s 1994 BMW. Craw-ley swerved off of the interstate into the median, but he managed to regain control of his car. Huey continued toward his destination.
¶ 3. After Crawley regained control of his car, he began pursuing Huey. According to Huey’s testimony before the administrative judge (AJ), it took Crawley approximately ten to fifteen minutes to catch up to him. Crawley passed Huey and moved into Huey’s lane. Crawley then slowed down and forced Huey to stop his van. The record indicates that Huey and Crawley were stopped either partially or entirely in the right lane of the interstate. It is undisputed that Huey had enough room to drive around Crawley’s car. When he testified before the AJ, Huey said that he was looking for the button to activate his flashers, and he had not come to a complete stop, when he was struck from behind by an eighteen-wheeler truck.[1] Huey injured his back in the collision.
¶ 4. Alabama State Trooper Keith Wilson responded to the scene. According to Trooper Wilson, Crawley told him that Huey had been speeding past him and then slamming op his brakes. Crawley added that Huey had done so “for several miles.” However, Huey told Trooper Wilson that Crawley had been doing the same thing to him. That is, Huey said that Crawley had been passing him, and then Crawley had been slamming on his brakes while he had been driving in front of Huey. Trooper Wilson later testified during a deposition that both Huey and Crawley admitted to him that they had been driving aggressively.
¶ 5. Huey later sought workers’ compensation benefits. RGIS denied that Huey’s injury was compensable. According to RGIS, Huey was not acting in the course and scope of his employment when he was injured. The AJ agreed and found that Huey was not entitled to benefits. The Commission affirmed. Huey appeals.
STANDARD OF REVIEW
¶ 6. This Court generally employs a substantial-evidence standard of review to resolve a workers’ compensation appeal; however, the standard of review is de novo when the issue is one of law and not of fact. Hugh Dancy Co. v. Mooneyham, 68 So.3d 76, 79 (¶ 6) (Miss.Ct.App.2011) (citation omitted). “Absent an error of law, we must affirm the Commission’s decision if there is substantial evidence to support [it].” Id. (citing Shelby v. Peavey Elecs. Corp., 724 So.2d 504, 506 (¶ 8) (Miss.Ct.App.1998)). “In a workers’ compensation case, the Commission is the trier and finder of facts.” Id. (citing Radford v. *1148 CCA-Delta Corr. Facility, 5 So.3d 1158, 1163 (¶ 20) (Miss.Ct.App.2009)). If the Commission’s order is supported by substantial evidence, this Court is bound by the Commission’s determination even if the evidence would convince us otherwise if we were the fact-finder., Id. But “reversal is proper where the Commission has misapprehended the controlling legal principles, as the standard of review in that event is de novo.” Id. (citation omitted).
ANALYSIS
¶ 7. Huey claims the Commission erred when it held that he was not acting in the course and scope of his employment at the time of the collision. He argues that he did not stop because of a “road-rage” confrontation. Instead, he vigorously asserts that under Alabama law, a motorist is obligated to stop after a collision. He reasons that he was, therefore, obligated to stop for Crawley. Even so, he asserts with equal vigor that there was only one collision, which occurred when the eighteen-wheeler collided with the back of the van that he was driving. Consequently, Huey’s arguments are mutually exclusive. That is, if he did not actually make contact with Crawley’s car, then he would have been under no obligation to stop for Crawley. What is more, Huey claims that he did not actually stop because he had collided with Crawley. Instead, he claims that he stopped because Crawley was gesturing for him to pull over, and he was concerned that Crawley was a woman who needed his assistance.
¶ 8. As it stands, the record supports more than one possible explanation for why Huey stopped his van. Huey testified that he thought Crawley might have been a woman in need of assistance. Huey also argues that Alabama law required that he stop after an accident. However, Huey testified that he did not make contact with Crawley’s car, so there is no evidence that he stopped because he thought he needed to exchange insurance information. But Trooper Wilson’s statements indicated that Huey stopped to engage in some form of “road-rage” confrontation. It was within the Commission’s discretion to find that “the only reasonable option is to accept Trooper Wilson’s testimony. An altercation between two irate drivers is the best and most reasonable explanation for an individual parking his vehicle in the right[-]hand lane of an interstate highway.” Trooper Wilson’s deposition testimony indicates that both Huey and Crawley said that they had been driving aggressively.
¶ 9. “Compensation shall be payable for disability ... of an employee from injury or occupational disease arising out of and in the course of employment, without regard to fault as to the cause of the injury or occupational disease.” Miss.Code Ann. § (1) (Rev. 2011). “An occupational disease shall be deemed to arise out of and in the course of employment when there is evidence that there is a direct causal connection between the work performed and the occupational disease.” Id. It was within the Commission’s discretion to find that there is no direct causal connection between the work that Huey performed for RGIS, and his injury. Trooper Wilson took statements at the scene of the collision, and those statements indicated that Huey had stopped to engage in some form of “road-rage” confrontation with Crawley.
¶ 10. The dissent does “not find Huey’s testimony so unreasonable that his version of events was necessarily untrue.” But Huey’s version of the events changed to some extent at least twice, and it became more favorable to his claim each time he changed it. He gave a recorded statement a short time after the collision. Although Huey recognized his own recorded voice, *1149 he claimed that his recorded statement did not refresh his memory of the events that led to the collision. During his deposition, Huey’s version of the events changed. And it changed again during his testimony before the AJ. The Mississippi Supreme Court has held
[T]he undisputed testimony of a claimant [that] is not so unreasonable as to be unbelievable, given the factual setting of the claim, generally ought to be accepted as true[,] ... [but] the Commission is the judge of the credibility of the witnesses. Where, in such circumstances, the Commission ... finds [a] claimant’s testimony untrustworthy or incredible, the Commission has [the] authority to reject it.
White v. Superior Prods., Inc., 515 So.2d 924, 927 (Miss.1987).
¶ 11. With utmost respect for the dissent, “[w]hen we review the facts on appeal, it is not with an eye toward determining how we would resolve the factual issues were we the triers of ... fact; rather, our function is to determine whether there is substantial credible evidence” to support the Commission’s factual determination. S. Cent. Bell Tel. Co. v. Aden, 474 So.2d 584, 589 (Miss.1985). Because there is substantial credible evidence that supports the Commission’s decision, we have no authority to disturb it even if the “evidence would not be sufficient to convince us were we the factfinders.” Id. at 590. Because there was substantial evidence to support the Commission’s judgment, we affirm.
¶ 12. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. Huey's version of events when he testified before the AJ was different than the version he described during a recorded statement while he was in the hospital after the collision. During his recorded statement, he said he had stopped his van and placed it in park before he was hit from behind. When he testified before the AJ, Huey was confronted with his recorded statement. He authenticated his own voice, but he claimed that the recording did not refresh his memory of the events.