PHILLIPS CONTRACTING COMPANY, INC., et al. *v.*
DEPENDENTS OF ADAIR

No. 42458 January 7, 1963 148 So. 2d 189

*William J. Threadgill,* Columbus, for appellant.

*Ben Owen,* Columbus, for appellees.

GILLESPIE, J.

The dependents of William J. Adair made a claim for death benefits under the Workmen's Compensation Act against Phillips Contracting Company, Inc., employer, and the compensation carrier. The attorney-

referee and the Workmen's Compensation Commission denied the claim on the ground that Adair's death did not arise out of and in the course of his employment. On appeal to the circuit court, the Commission was reversed and the claim allowed. Employer and its carrier appeal to this Court.

The sole question is whether Adair's accidental death arose out of and in the course of his employment. There is practically no dispute in the facts.

Employer, a highway construction contractor located at Columbus, Mississippi, was engaged in the performance of a temporary construction job at Kosciusko, Mississippi. Most of the employees engaged on the Kosciusko job, including Adair, were residents of Columbus. Adair had been employed as a heavy equipment operator about two months before he was accidentally killed. He was paid by the hour and had no duties for employer before and after working hours. Adair drove his personally owned automobile from his home to Kosciusko each Monday morning in time to report for work and boarded in Kosciusko during the week. On Saturday he would drive his automobile to Columbus for the weekend. Nearly every Wednesday several of the employees, including Adair, drove employer's vehicle, burning employer's gas, to Columbus and spent the night with their families. They left after work hours and returned to Kosciusko on Thursday morning in time to report for work. The president of employer knew these employees, or some of them, went home in the middle of the week, but the employer had neither approved nor disapproved of these trips. The use of the employer's vehicle was contrary to company policy. The employer made no agreement in regard to these mid-week trips home. These trips were solely for the personal pleasure of the employees and the employer was not concerned where the employees went or what they did when they were not on the job.

Mr. Adair was accidentally killed while on one of these Wednesday night trips home. He rode in employer's vehicle, driven by the president's young son who was a temporary laborer on the job, with a foreman, and another employee. All the others got out at their homes and Adair then drove the vehicle to his home where he spent the night. Early the next morning he apparently proceeded toward the foreman's house to pick him up but discovered he had forgotten his false teeth, whereupon he started back to his home and was going in that direction when he met with a fatal accident.

The learned circuit judge evidently relied upon the recent case of J. H. Tabb & Co. v. McAlister (Miss.), 138 So. 2d 285. But the *Tabb* case is not in point. In that case the employee was injured while being driven to work by the employer's manager. The employee was told to be at a certain place to be transported to work, and this was a daily occurrence. Tab needed employees, including McAlister, and the employer was taking him to work. McAlister's getting to work was a matter in which his employer had a vital interest, and since the employer undertook to provide transportation, what McAlister was doing at the time of his injuries was beneficial, convenient, and advantageous to the employer. There was a substantial work connection in the *Tabb* case. In the case at bar, the employer had no interest whatever whether the employees went home in the middle of the week. Adair was neither going to or from work when he went home for the night in the sense that McAlister was going to and from work while riding with the employer's manager in the *Tabb* case. Adair and the other employees could have gone to Jackson or any other place and it would not have concerned his employer. Adair's trip home was personal. His death did not arise out of and in the course of his employment.

The circuit court erred in reversing the Commission's order denying compensation.

Reversed and order of the Commission reinstated.
*McGehee, C. J., and Kyle, Ethridge and McElroy, JJ.,*
concur.