ROBERTSON, Justice,
for the Court:
Employer operates a dental clinic in Picayune, Mississippi, and, on the afternoon of January 26, 1984, his employee, the Claimant, was in an automobile accident and suffered serious and disabling personal injuries on the way home from work. The Mississippi Workers’ Compensation Commission adopted the Administrative Judge’s findings that Claimant had suffered a com-pensable injury arising out of her employment and awarded benefits. The Circuit Court affirmed.
Employer appeals, arguing principally that, at the time of Claimant’s accident and injury, her day’s work had ended. We apply settled legal principles regarding compensability of claims arising out of injuries en route to and from the work place and, when we do, we may only affirm.
Claimant is Gwendolyn A. Favre, now Gwendolyn Favre Barrett, who, in September, 1983, went to work, alternately, for Duncan F. Matheson and John Clark, a partnership, d/b/a Dental Health Services in Bay St. Louis, Mississippi, and Duncan F. Matheson, III, D.D.S., P.A., d/b/a Family Dental Services, of Picayune, Mississippi. Favre and all other employees were paid in part for their automobile and gasoline expenses to and from work. This was done in an odd manner: each employee was told to clock in forty-five minutes before she arrived at the office and to clock out forty-five minutes after leaving the office. *834 At the time in question, this system compensated Favre at approximately $2.73 per day for travel.
Favre lived in Bay St. Louis, Mississippi. On January 26, 1984, she went to work for Dr. Matheson in Picayune. At approximately 6:45 p.m. that afternoon Favre was involved in the accident at the intersection of the Kiln-Waveland Road approximately ten miles north of Waveland in Hancock County, Mississippi, on Mississippi Highway 603. Favre has suffered a loss of memory attributable to her accident, but the particulars of the accident are not important.
Employer questions that Favre was still within the forty-five minutes traveling allowance at the time of the accident, arguing that she left work at five o'clock and that by 6:45 was surely on personal business. Favre’s aunt, Carolyn Favre, with whom she was living at the time, testified that between 6:15 p.m. and 6:30 p.m., she received a telephone call from her niece who was still at work. Carolyn Favre pinpoints the time by reference to the news telecast she was watching at the time. She says that her niece told her she had been having car trouble and that if she was not home by seven o’clock, to come looking for her. This fact issue has been resolved against Employer, and the Commission’s finding is supported by substantial evidence and need detain us no longer.
Employer argues strenuously and no doubt sincerely that this case is controlled by our general rule that an employee is not within the course and scope of his or her employment while driving to and from work. See Dunn, Mississippi Workers’ Compensation § 179 (3d Ed.1983). We have recognized so many exceptions to this rule that we are not sure they have not engulfed it, but the point for the moment is that we recognize as compensable injuries occurring en route to and from work where the employer provides travel expenses to the employee. See, e.g., Wallace v. Copiah County Lumber Co., 223 Miss. 90, 99, 77 So.2d 316, 318 (1955) (listing among exceptions to the general rule “where the employer furnishes the means of transportation, or remunerates the employee”) (emphasis added); Wilson v. Service Broadcasters, Inc. (WDAM), 483 So.2d 1339, 1341 (Miss.1986) (same); Reading & Bates, Inc. v. Whittington, 208 So.2d 437, 439 (Miss.1968) (same); Aetna Finance Co. v. Bourgoin, 252 Miss. 852, 859, 174 So.2d 495, 497 (1965) (same); Pace v. Laurel Auto Parts Co., Inc., 238 Miss. 421, 429, 118 So.2d 871 (1960) (same); Dr. Pepper Bottling Co. v. Chandler, 224 Miss. 256, 260, 79 So.2d 825, 826 (1955) (same).
Employer does not deny the above exception to the general rule but argues that it does not apply because the “gas money paid the claimant in this case ... [has] no relation at all to the expense per mile.” We would have thought this argument laid to rest in Western Electric, Inc. v. Ferguson, 371 So.2d 864, 868 (Miss.1979), where we held within the exception a case where the employee was paid a per diem allowance. In Western Electric we said all that was required to fit the exception was that the payment made “was, at least in part, in the nature of a travel allowance.” Western Electric, 371 So.2d at 868. That we have never had a case involving precisely these facts does not mean the facts of this case do not bring it well within the settled law.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.