GRIFFIS, P.J.,
for the Court:
¶ 1. Linde Gas and Zurich American Insurance Company appeal the determination by the Mississippi Workers’ Compensation Commission that Larry Edmonds suffered a compensable, work-related injury. At issue here is whether the Commission erred in finding that Edmonds, based on an exception of the “going and coming” rule, was within the course and scope of his employment at the time of the accident; and whether the Commission erred in finding that Edmonds did not act with willful intent to cause injury to himself.
FACTS
¶ 2. Since 2007, Edmonds was employed by Linde Gas. He was an instrumentation technician. Edmonds was responsible for maintaining the instruments at the Linde Gas plant that supplied oxygen, nitrogen, and argon, through a pipeline, to the steel plants in Columbus, Brandon, Vicksburg, and north Mississippi.
¶ 3. Edmonds was primarily assigned to the plant in Columbus. Edmonds would travel to the Columbus plant every other week and work his normal schedule — Monday through Friday, 7:00 a.m. until 3:00 or 3:30 p.m. He would report and travel to the plant locations in Brandon, Vicksburg, and north Mississippi during the alternating weeks. In addition to this work schedule, Edmonds was on call as needed to return to the plant to make repairs after his normal work day had concluded.
¶ 4. Linde Gas assigned Edmonds a 2006 Ford F-150 pickup truck when he began employment in 2007, as they do for all the instrument technicians. Linde Gas authorized Edmonds, and the other instrument technicians, to use the truck to travel to and from work to the Columbus plant and the other plants. Linde Gas paid Edmonds for his travel time when he responded to emergency calls. However, Linde Gas did not pay Edmonds for travel time to and from his regular work. Linde Gas paid for the fuel for the truck through a Fuel Man gas card provided to Edmonds upon receipt of the truck. Linde Gas maintained insurance coverage on the truck and paid for all of the maintenance on the truck. Edmonds also carried all of his work tools and equipment in the truck.
¶ 5. In the petition to controvert, Ed-monds alleged that he sustained an injury to his back on October 21, 2010. Edmonds was involved in an automobile accident while he was on his way to the Columbus plant to report to work. He alleged that the accident occurred within the course and scope of his employment with Linde Gas.
¶ 6. Linde Gas denied that Edmonds sustained a work-related injury or that his *1261 claim was compensable based on the “going and coming” rule. Linde Gas asserted that Edmonds was not in the course and scope of his employment at the time of the accident.
¶ 7. Edmonds testified that he was scheduled to work at the Columbus plant on October 21, 2010. Edmonds testified that the previous day had been a hard day at work and that he did not sleep well, as he only got five hours of sleep. Because of previous work-related back injuries, Ed-monds had ongoing back pain and said that he had been unable to fall asleep until 1:00 am. Edmonds awoke that morning at 5:45 a.m. and traveled from his home in Scooba to the Columbus plant for his regular shift, which began at 7:00 a.m.
¶ 8. Edmonds testified that he left his home that morning and was driving north on Highway 45 when the accident took place in Brooksville. Edmonds claimed that he was driving the speed limit, and it was still dark outside. He said that he reduced his speed from sixty-five miles per hour to fifty-five miles per hour when he reached Brooksville. Edmonds testified that he next recalled the taillights of a gravel truck only moments before the accident occurred.
¶ 9. Edmonds did not know if he had lost consciousness. Edmonds gave a written account of the accident. He cooperated in the investigation and was off work during the investigation. Although Ed-monds planned to return to work upon the completion of the investigation, he was eventually terminated from his employment with Linde Gas.
¶ 10. Eric Pate, the transportation supervisor at Linde Gas, testified that Ed-monds suffered two previous back injuries, yet continued to work full-time after a brief hiatus from work. Pate also testified that Edmonds was authorized to use the vehicle provided by Linde Gas for work-related purposes only, and that he would be paid for travel time when responding to emergency calls after-hours only. Pate further testified that the route that Ed-monds took to work on the day of the accident was not designated by Linde Gas.
¶ 11. Pate said that Linde Gas performed an investigation of the accident using a software called Synergi. Edmonds was interviewed during the investigation and provided a statement. The accident was considered to be a severe incident by Linde Gas due to the two prior motor-vehicle accidents that Edmonds was involved in while driving the company vehicle. Linde Gas hired an outside entity to perform an investigation of the accident and prepare a forensic crash report.
¶ 12. John C. Glennon Jr., an automotive technologist and crash reconstructionist, was retained by Linde Gas. Glennon investigated the accident and prepared a forensic crash report, which concluded that the accident was Edmonds’s fault. Glen-non determined that Edmonds’s headlights were not on; Edmonds was not wearing a seatbelt; and he was speeding. Linde Gas terminated Edmonds’s employment based on Glennon’s findings.
¶ 13. The workers’ compensation administrative judge held a hearing on the sole issue of compensability. The parties agreed to the following stipulations: (1) the claimant’s average weekly wage at the time of the subject accident was $1,208; (2) all medical treatment provided at Neshoba General Hospital and the University of Mississippi Medical Center (UMMC), and by Dr. Louis Harkey, in relation to the lumbar-spine injury suffered by Edmonds in the accident, was reasonable and necessary; (8) if the injury were found compensable, Edmonds would be entitled to temporary total disability benefits from the date of the accident until *1262 May 2, 2011, when he was released on maximum medical improvement by Dr. Harkey; and (4) the deposition of Eric Pate and the medical records from UMMC and Dr. Harkey were admissible and offered as general exhibits.
¶ 14. The administrative judge issued an order, dated June 27, 2013, that concluded that the compensability of Ed-monds’s claim was not barred by the “going and coming” rule, as the claim fell within the employer-sponsored-travel exception to the rule. The administrative judge also found that Linde Gas and Zurich failed to establish, by a preponderance of the evidence, that the accident resulted from Edmonds’s willful intent to injure himself, which would bar compensation pursuant to Mississippi Code Annotated section 71-3-7(4) (Supp.2013).
¶ 15. Linde Gas filed a petition for review, and the administrative judge’s order was affirmed by the Commission. It is from this judgment that Linde Gas now appeals.
STANDARD OF REVIEW
¶ 16. This Court employs a substantial-evidence standard of review to resolve a workers’ compensation case; however, the standard of review is de novo when the issue is one of law and not of fact. Hugh Dancy Co. v. Mooneyham, 68 So.3d 76, 79 (¶ 6) (Miss.Ct.App.2011). “Absent an error of law, we must affirm the Commission’s decision if there is substantial evidence to support the Commission’s decision.” Id. “In a workers’ compensation case, the Commission is the trier and finder of facts.” Id. If the Commission’s order is supported by substantial evidence, this Court is bound by the Commission’s determination, even if the evidence would ■ convince us otherwise if we were the fact-finder. Id. “On the other hand, reversal is proper where the Commission has misapprehended the controlling legal principles, as the standard of review in that event is de novo.” Id.
ANALYSIS

1. Whether the Commission erred in finding that Edmonds, based on an exception to the “going and coming” rule, was within the course and scope of his employment at the time of the accident.

¶ 17. In the first issue, Linde Gas argues that the Commission erred when it found Edmonds’s injury compensa-ble under an exception to the “going and coming” rule. In workers’ compensation cases, the general rule is that “hazards encountered by employees while going to or returning from their regular place of work and off the employer’s premises are not incident to employment and accidents arising therefrom are not compensable.” Miller Transporters, Inc. v. Seay’s Dependents, 350 So.2d 689, 691 (Miss.1977). This is known as the “going and coming” rule. Id. As with any rule, however, there are exceptions. Id. Namely, these are
(1) where • the employer furnishes the means of transportation, or remunerates the employee; or (2) where the employee performs some duty in connection with his employment at home; or (3) where the employee is injured by some hazard or danger which is inherent in the conditions along the route necessarily used by the employee; or (4) where the employer furnishes a hazardous route; or (5) where the injury results from a hazardous parking lot furnished by the employer; or (6) where the place of injury, although owned by one other than the employer, is in such close proximity to the premises owned by the employer as to be, in effect, a part of such premises; or (7) when the employee is on a special mission or errand for his *1263 employer, or where the employee is accommodating his employer in an emergency situation.
Duke ex rel. Duke v. Parker Hannifin Corp., 925 So.2d 893, 896-97 (¶ 12) (Miss.Ct.App.2005) (citation omitted). The employee has the burden of proving that one of these exceptions applies. Ingalls Shipbldg. Div., Litton Sys., Inc. v. Dependents of Sloane, 480 So.2d 1117, 1118-19 (Miss.1985).
¶ 18. Here, we consider the employer-provided-travel exception to the “going and coming” rule. It is well-established Mississippi law that the employer assumes the hazard associated with an employee traveling to and from work when the employer either provides an employee’s means of transportation or pays the employee’s transportation costs. Hurdle & Son v. Holloway, 749 So.2d 342, 348 (¶ 16) (Miss.Ct.App.1999); see also Matheson v. Havre, 586 So.2d 833, 834 (Miss.1991). Therefore, the “going and coming” rule would not be a bar to compensation. Holloway, 749 So.2d at 348 (¶ 16).
¶ 19. Linde Gas interprets the rule to mean that a claimant must prove that the employer both provided the employee’s means of transportation and compensated the employee an additional amount of money as reimbursement for travel time. Additionally, Linde Gas argues that even though Edmonds’s trip occurred in a company-provided vehicle, the trip did not have a substantial work connection for his claim to be compensable, which is required by Mississippi law. John R. Bradley & Linda A. Thompson, Mississippi Worker’s Compensation Law, § 4:32 (2013); see also Vardaman S. Dunn, Mississippi Workmen’s Compensation § 176 (2d ed. 1967). Linde Gas claims that although Edmonds was traveling to work at the Columbus plant, he was not traveling to any of the off-site plant locations; nor was he on call at the time he was traveling. Therefore, Linde Gas argues his travel did not have a substantial work connection for his claim to be compensable.
1120. We find no caselaw or statute that requires an employer both to provide the employee’s means of transportation and to compensate the employee an additional amount of money as reimbursement in order for an injury sustained from travel to or from work to be compensable. The law is clear that the employer-provided-transportation exception to the “going and coming” rule allows an employer to assume responsibility for the employee’s travel either by paying the transportation costs or by providing a “company vehicle.” See Hurdle & Son, 749 So.2d at 348 (¶ 16).
¶ 21. Nonetheless, Linde Gas cites caselaw that states this rule, though the supreme court found that the employees were not acting within the scope of their employment at the time of the accident. In Phillips Contracting v. Adair, 245 Miss. 365, 148 So.2d 189 (1963), the supreme court affirmed the decision of the Commission that found that a claimant who traveled back to work in a company vehicle from a mid-week trip, and whose travel was uncompensated by the employer, was not eligible for death benefits after a fatal accident found to have not occurred within the course and scope of his employment. Similarly, in Tommy Brooks Oil Co. v. Leach, 722 So.2d 708, 712 (¶ 18) (Miss.Ct.App.1998), this Court held that a claimant who sustained an accident while traveling from an employer-sponsored Christmas party in an employer-provided vehicle was not within the course and scope of his employment at the time of the accident; therefore, he was not eligible for compensation benefits.
¶ 22. Linde Gas cites other cases where the supreme court found compensable *1264 claims for claimants who were compensated for their travel time, as opposed to driving in a “company vehicle” as an exception to the “going and coming” rule. Matheson, 586 So.2d at 834; Reading & Bates, Inc. v. Whittington, 208 So.2d 437, 439 (Miss.1968). Linde Gas cites the eases to distinguish them from the instant case and to make the claim that Edmonds had to either be compensated for his travel time or on-call at the time of the accident in order for his claim to be compensable.
¶23. We are not convinced by Linde Gas’s line of argument. Mississippi law is clear that a claimant only has to show that the employer either provided transportation or compensated him for his travel as an exception to the “going and coming” rule. Hurdle & Son, 749 So.2d at 348 (¶ 16). The courts in Phillips Contracting and Tommy Brooks Oil state this principle, and those courts found that the employer-sponsored-travel exception to the “going and coming” rule did not apply because the employees in both cases used the company vehicles for unauthorized personal trips, where they took detours and abandoned their work duties. Phillips Contracting, 245 Miss, at 366, 148 So.2d at 189-90; Tommy Brooks Oil, 722 So.2d at 712 (¶ 18). It is well-settled Mississippi law that the employer has the duty to prove that the employee has abandoned his duties of employment and gone on a personal mission unrelated to his employment in order for the “going and coming” ^ule to be a bar to compensation. Phillips Contracting, 245 Miss, at 366, 148 So.2d at 189-90; Tommy Brooks Oil, 722 So.2d at 712 (¶ 18).
¶ 24. Here, it is undisputed that Ed-monds was driving a “company vehicle” provided by Linde Gas. He was authorized to drive the vehicle to and from his various work sites and on his way to work at the plant in Columbus. Edmonds carried all of his work tools and equipment in the truck. Linde Gas paid for all of the fuel, maintenance, and insurance on the truck. Further, there is no contention that Edmonds had abandoned his work duties or deviated from his work destination for an unauthorized personal mission. Edmonds’s travel had a substantial work connection, as he was traveling to his regularly scheduled shift at the plant in Columbus. There was substantial evidence to support the Commission’s finding that Ed-monds’s employer-sponsored travel was an exception to the “going and coming” rule and was thereby compensable. Therefore, we find that this issue has no merit.

2. Whether the Commission erred in finding that Edmonds did not act with willful intent to cause injury to himself.

¶ 25. Next, Linde Gas argues that the Commission erred when it found that Edmonds did not act with willful intent to cause injury to himself. Mississippi Code Annotated section 71-3-7(4) states:
No compensation shall be payable if the use of drugs illegally, or the use of a valid prescription medication(s) taken contrary to the prescriber’s instructions and/or contrary to label warnings, or intoxication due to the use of alcohol of the employee was the proximate cause of the injury, or if it was the willful intention of the employee to injure or kill himself or another.
To support this argument, Linde Gas relies on several pieces of evidence. Ed-monds was not wearing his seatbelt at the time of the accident. Edmonds did not have his lights on despite the fact that the accident happened before dawn. Ed-monds was speeding (driving between 67 and 92 miles per hour in a 55-mile-per-hour zone). Edmonds had only five hours *1265 of sleep the previous night. Edmonds admitted that he had taken pain medication before operating the company vehicle.
¶ 26. Linde asserts that the combination of these acts equates to a willful intent on the part of Edmonds to injure himself, and thus precludes him from compensation. We disagree. We find that there was substantial evidence to support the Commission’s conclusion that Edmonds’s actions did not constitute a willful intent to cause injury to himself. Further, Linde Gas cites no authority that would equate Edmonds’s actions before and during the accident to willful intent. In fact, Linde Gas did not provide any evidence that would establish that Edmonds’s lack of sleep or consumption of pain medication would have caused the accident or demonstrate a willful intent to cause injury to himself. As a result, we find that the Commission’s decision was supported by substantial evidence.
¶ 27. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION. MAXWELL, J., NOT PARTICIPATING.