# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-WC-00390-COA

**KEITH BOWDRY**                                                      **APPELLANT**

**v.**

**CITY OF TUPELO, MISSISSIPPI AND**                              **APPELLEES**
**MISSISSIPPI MUNICIPAL WORKERS' COMP**
**GROUP**

DATE OF JUDGMENT:               03/09/2021
TRIBUNAL FROM WHICH            MISSISSIPPI WORKERS' COMPENSATION
APPEALED:                       COMMISSION
ATTORNEY FOR APPELLANT:         KEITH BOWDRY (PRO SE)
ATTORNEYS FOR APPELLEES:        GEORGE E. READ
                                JOSEPH MILES FORKS
NATURE OF THE CASE:             CIVIL - WORKERS' COMPENSATION
DISPOSITION:                    AFFIRMED - 04/26/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1.     Keith Bowdry (Bowdry) was employed as a patrolman for the City of Tupelo, Mississippi. On April 21, 2017, Bowdry was injured while in pursuit of a burglary suspect in Tupelo. He reported his injuries to his supervisor, and his attorney filed a "Workers' Compensation First Report of Injury or Illness." Bowdry was treated by multiple doctors and underwent two surgeries for injuries to his left hand. Those treatments were covered by the City of Tupelo (Employer) and Mississippi Municipal Workers' Compensation Group (Carrier). During this time, Bowdry also sought treatment from Dr. Glenn Crosby (Dr. Crosby) for pain related to his neck. Bowdry sought to have the Employer pay for his

medical bills for Dr. Crosby, but the Employer refused, stating that Dr. Crosby was not an authorized physician. On May 10, 2017, Bowdry filed a petition to controvert, seeking payment for temporary disability related to injuries to his "left hand, left arm and left upper extremities and back." On March 6, 2019, Bowdry filed a second amended petition to controvert, asking for payment for temporary disability related to his "left hand, left arm and left upper extremities and back." Bowdry added injuries to his "neck" and "right upper extremity." The Employer maintained that Bowdry's neck claim was not related to his April 21, 2017 injury.

¶2. On June 2, 2020, an administrative judge (AJ) held a hearing on this matter. The AJ found that Bowdry was not entitled to any additional benefits for his neck claim. Bowdry filed a petition for review to the Mississippi Workers' Compensation Commission (Commission). On March 9, 2021, the Commission affirmed the AJ's decision. Bowdry appealed, arguing (1) the AJ erred in finding Bowdry's neck claims were not related to his April 21, 2017 injury and by not awarding him additional benefits; and (2) the Commission erred in concluding that Bowdry did not establish medical causation through expert testimony about his neck claim. Upon review of the record, we affirm the findings of the Commission.

## FACTS AND PROCEDURAL HISTORY

¶3. Prior to the April 21, 2017 injury at issue, Bowdry had three other work-related injuries that the Employer covered. On April 15, 2011, Bowdry injured his head, neck, and lower back in a motor vehicle accident while on duty. On August 17, 2013, Bowdry injured his neck, arms, and legs while on duty. On December 23, 2015, Bowdry injured his neck,

2

back, shoulder, and "left upper extremity" while on duty. Then, on April 21, 2017, Bowdry was injured while pursuing a burglary suspect on foot. Bowdry slipped and fell down a hill "causing him to hurt his neck and back as well as his left hand."[1] On May 10, 2017, Bowdry filed a petition to controvert (Petition). In the Petition, Bowdry listed his "[l]eft hand, left arm and left upper extremities and back" as his injuries and sought damages for the temporary disability these injuries caused. The Employer responded to Bowdry's Petition, stating that Bowdry was temporarily disabled and that Bowdry did sustain a "loss of wage earning capacity."

¶4. Between April 21, 2017, and July 27, 2017, Bowdry was treated by Dr. John White Jr. at Work Clinic in Tupelo, Mississippi, who recommended physical therapy. Bowdry received additional treatment from Dr. Eric Lewis at North Mississippi Sports Medicine and Orthopedic Clinic. Bowdry complained of pain in his left hand from the April 21, 2017 injury to Dr. Lewis. An MRI performed on Bowdry's left hand revealed multiple torn tendons. On July 27, 2017, Dr. Lewis operated on Bowdry's hand, performing a "left small finger and left ring finger trigger finger release." After the surgery, Bowdry's hand was treated with physical therapy and injections. On March 18, 2018, Dr. Lewis performed an "endoscopic carpal tunnel release left side and a Neuroplasty and transposition, ulnar nerve of [Bowdry's] left elbow."

¶5. While Bowdry was being treated by Dr. Lewis, he began seeking treatment from Dr. Crosby for neck pain. Bowdry's first visit was on July 28, 2017. In May 2018, Dr. Crosby

---

[1] The "Workers' Compensation First Report of Injury or Illness" named all of these injuries. The report also classified the type of injury as a "strain" to the "upper back."

contacted the Employer to request approval to perform a cervical MRI on Bowdry for "injuries sustained in the April 21, 2017, work-related injury." The Employer denied the MRI request because Dr. Crosby was not an authorized physician.[2] On March 6, 2019, Bowdry filed an amended Petition and added "neck" to his list of "parts of the body involved or injured." On the same day, Bowdry filed a second amended Petition and listed his "neck" and "right upper extremity" as "parts of the body involved or injured." The Employer filed an amended answer to Bowdry's second amended Petition and denied that Bowdry "suffered an injury to his right upper extremity."

¶6.     On October 18, 2019, Bowdry filed a motion for continuance for the hearing originally set for November 20, 2019, to determine whether the Employer owed damages to Bowdry for his alleged neck injury. Bowdry stated that he needed the continuance "due to the fact that [Bowdry's] treating physician Dr. Glenn Crosby . . . recently diagnosed [Bowdry] with Cervical Radiculopathy and ordered that [he] undergo an MRI." Additionally, Bowdry stated that he needed the continuance so that he could be re-examined by Dr. Crosby before having a hearing on the merits. The Employer filed its response on October 22, 2019, arguing that Bowdry had ample time to pursue a neck claim arising out of his April 2017 injury. The Employer also stated that if Bowdry has any "problems with his neck, those relate to his three prior injuries." The Commission continued the hearing to May 6, 2020, to allow Bowdry the time he needed to depose Dr. Crosby and gather other

---

[2] The Employer claimed that it did not know Bowdry was seeking treatment from Dr. Crosby until he asked the Employer for approval to perform the MRI.

necessary medical documentation.[3]

¶7.     On June 1, 2020, Bowdry filed his pre-hearing statement.  He claimed he suffered injuries to his "neck, back, left hand, left arm, and left upper extremities."  Bowdry did not attach a work search list, post-maximum-medical-improvement employment, vocational reports, or stipulations.  On June 2, 2020, the AJ held a hearing to determine whether the Employer owed damages to Bowdry for his alleged neck injury.  Throughout the hearing, Bowdry's attorney attempted to admit various documents into evidence.  However, the Employer objected to all of these documents claiming it was never shown those documents prior to the hearing.  The AJ marked all of the documents Bowdry presented for identification only.[4]

¶8.     On October 14, 2020, the AJ issued an order finding that Bowdry was not entitled to any additional benefits.  Specifically, the AJ found Bowdry's "recent attempts to again link his neck complaints to his current left-arm claim are simply attempts to turn a scheduled-member claim into a whole person claim. The admitted evidence makes it clear that any neck complaint is not related to this claim."  The AJ concluded that "[n]o medical

---

[3] On April 23, 2020, Bowdry moved for an additional continuance because of the COVID-19 pandemic.  On April 24, 2020, the Employer filed its response and opposed another continuance.  Specifically, the Employer noted that the hearing had been set for after Mississippi's stay-at-home orders would be lifted.  The hearing was ultimately continued to June 2, 2020.

[4] These documents included a letter from PERS approving him for medical retirement, a history of present illness, multiple documents to show Dr. Crump had scheduled an additional MRI, a prescription from Dr. Crosby requesting an MRI, proof of an appointment with Dr. Neil Sloan to review his MRI, proof Bowdry "got [his] MRI done," and a document denying Bowdry Social Security benefits.

proof of causation on the neck claim was presented" and denied benefits for Bowdry's neck injury.

¶9.    On October 23, 2020, Bowdry submitted a "Petition for Review of Order by Full Commission." He argued that the AJ erred in finding the Employer was not responsible for his neck complaints and erred in finding that Bowdry failed to meet his burden of proof. He also claimed that the AJ's findings were "contrary to the credible evidence, contrary to the overwhelming weight of the evidence, and contrary to the law." Finally, Bowdry claimed that the AJ's findings were erroneous. On February 22, 2021, the Commission considered Bowdry's claim, and on March 9, 2021, the Commission issued an order, affirming the AJ's findings.

¶10.    In its order, the Commission found that Bowdry "simply failed to prove by competent evidence that his alleged neck injury was a result of his admitted work injury on April 21, 2017." The Commission stated Bowdry did not present any "expert testimony or objective medical evidence that his current complaints are related to his most recent injury." Additionally, the Commission found that Bowdry had been given a continuance and chose not to depose Dr. Crosby or gather medical evidence to support his claim. The Commission also reviewed the medical records that Bowdry presented at his original hearing, which had all been marked for identification purposes only. The Commission stated: "Out of an abundance of caution, the Commission has reviewed the medical records from Dr. Crosby marked for identification purposes only. After review, we find that these records do not establish that the Claimant's current neck complaints are related to his admitted work injury

6

on April 21, 2017."

¶11. Bowdry appealed the Commission's findings. On appeal, Bowdry argues: (1) the AJ erred in finding Bowdry's neck claims were not related to his April 21, 2017 injury and by not giving him additional benefits, and (2) the Commission erred in concluding that Bowdry did not establish medical causation through expert testimony about his neck claim. Upon review of the record, we affirm the Commission's findings.

**ANALYSIS**

¶12. When reviewing a workers' compensation case, this Court reviews the decision of the Commission, "not that of the [AJ] . . . ." *Sheffield v. S.J. Louis Constr. Inc.*, 285 So. 3d 614, 618 (¶8) (Miss. 2019) (quoting *Short v. Wilson Meat House LLC*, 36 So. 3d 1247, 1250 (¶16) (Miss. 2010)).[5] When reviewing the Commission's decision, this Court employs a substantial-evidence standard, but if the issue is a question of law and not fact, this Court reviews the issue de novo. *Forrest Gen. Hosp. v. Humphrey*, 136 So. 3d 468, 471 (¶14) (Miss. Ct. App. 2014). "Absent an error of law, we must affirm the Commission's decision if there is substantial evidence to support the Commission's decision." *Gas v. Edmonds*, 167 So. 3d 1258, 1262 (¶16) (Miss. Ct. App. 2014) (quoting *Hugh Dancy Co. v. Mooneyham*, 68 So. 3d 76, 79 (¶6) (Miss. Ct. App. 2011)). This Court will not "evaluate or re-weigh the evidence." *Sheffield*, 285 So. 3d at 618 (¶8). "It is well-settled law in this State that the Commission is the ultimate finder of fact in workers' compensation cases, and where substantial credible evidence supports the Commission's decision, then, absent an error of

---

[5] Because we only review the Commission's findings, we decline to address Bowdry's claims about the AJ's findings.

7

law, the decision must stand without judicial interference." *Eichhorn v. Kroger Co.*, 325 So. 3d 692, 695 (¶11) (Miss. Ct. App. 2021) (quoting *Hayes v. Howard Indus. Inc.*, 284 So. 3d 787, 793 (¶19) (Miss. Ct. App. 2019)). "Substantial evidence consists of sufficient evidence for reasonable minds to accept as adequate to support the Commission's conclusion." *Sheffield*, 285 So. 3d at 618 (¶8). If the Commission's decision is not supported by substantial evidence, it is considered arbitrary and capricious, and it will not be upheld. *Id*.

¶13.    Here, the Commission affirmed the AJ's order denying Bowdry additional benefits. As support, the Commission found: (1) Bowdry failed to "prove by competent evidence that his alleged neck injury was a result of his admitted work injury on April 21, 2017"; (2) Bowdry had a "complex medical history" consisting of three prior workers' compensation claims involving injuries to his neck, which required him to establish medical causation through expert testimony and medical findings; (3) Bowdry failed to provide any expert testimony or medical evidence to prove his neck complaints are related to his April 21, 2017 injury; and (4) Bowdry failed to depose Dr. Crosby or produce additional medical evidence to support his claims, even though he had been granted continuances to do so. Further, "out of an abundance of caution," the Commission reviewed "the medical records from Dr. Crosby marked for identification purposes only." The Commission concluded that the records did not establish that Bowdry's neck complaints were related to his work-related injury on April 21, 2017.

¶14.    The Commission's findings were supported by substantial evidence. Bowdry failed to provide any admissible evidence of medical records or expert testimony. He testified at

8

the hearing in front of the AJ, but his testimony was not enough to prove his neck injury was related to his work-related injury on April 21, 2017. "[I]n all but the simple and routine cases it is necessary to establish medical causation by expert testimony." *Burton v. Nissan N. Am.*, 305 So. 3d 1163, 1170 (¶22) (Miss. Ct. App. 2020) (finding appellant with pre-existing back pain had to prove by medical evidence or expert testimony that his disability had a causal connection to his employment). Bowdry had a history of three prior work-related injuries to his neck, so he had to provide an expert witness or medical evidence. However, Bowdry did not provide any expert testimony relating his neck injury to the incident before the Commission. Neither Dr. Crosby nor Dr. Sloan, the doctor who was to review Bowdry's MRI, testified. Bowdry also failed to provide any medical evidence. The documents he did attempt to introduce were marked for identification only. However, the Commission reviewed those documents and found that those documents, even if admitted, did not establish that Bowdry's neck claims were "related to his admitted work injury on April 21, 2017." Therefore, we find that there is substantial evidence to support the Commission's finding that Bowdry "failed to prove by competent evidence that his alleged neck injury was a result of his admitted work injury on April 21, 2017."

## CONCLUSION

¶15. Upon review of the record, this Court affirms the Commission's decision that Bowdry failed to provide substantial evidence that his neck claim was related to his work-related injury on April 21, 2017.

¶16. **AFFIRMED.**

9

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**